

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-25-2006

# USA v. Taylor

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2909

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Taylor" (2006). *2006 Decisions.* Paper 702.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/702

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 04-2909

———

UNITED STATES OF AMERICA

v.

TERRON TAYLOR,
Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 02-cr-00801-20)
District Judge:  Honorable Harvey Bartle, III

———

Submitted Under Third Circuit LAR 34.1(a)
July 14, 2006

Before: SLOVITER, McKEE and RENDELL, Circuit Judges

(Filed:  July 25, 2006)

———

OPINION

SLOVITER, Circuit Judge.

Terron Taylor pled guilty to one count of possession with intent to distribute more than one kilogram of heroin in violation of 21 U.S.C. § 846 and one count of aiding and abetting in the possession of, with intent to distribute more than 100 grams of heroin, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Pursuant to the then-mandatory Sentencing Guidelines, Taylor's Sentencing Guidelines range was 292-365 months. The District Court granted the Government's motion for a downward departure based on Taylor's cooperation with the Government and sentenced Taylor to 196 months. He now appeals from that sentence, arguing that he was sentenced in violation of United States v. Booker, 125 S.Ct 738 (2005).

The Government contends that we do not have jurisdiction over this appeal. The Government notes that Taylor's plea agreement provided for a waiver of "all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution. . . . [T]he defendant may file a direct appeal but may raise only claims that: 1. the defendant's sentence exceeds the statutory maximum; or 2. the sentencing judge erroneously departed upward from the otherwise applicable sentencing guideline range." App. at 59-60. The Government argues that Taylor waived his right to appeal his sentence pursuant to Booker. We agree.

In United States v. Lockett, 406 F.3d 207 (3d Cir. 2005), Lockett attempted to appeal his sentence pursuant to Booker, notwithstanding his plea agreement, in which he waived his right to appeal his sentence. Like the plea agreement at issue here, Lockett's

2

plea agreement provided exceptions to his waiver of his right to appeal his sentence, which included "an appeal based on a claim that the defendant's sentence exceeded the statutory maximum," and an appeal "based on a claim that the sentencing judge erroneously departed upwards." Id. at 210. We held that the defendant had waived his right to appeal his sentence under Booker.

A valid waiver of appeal deprives this court of jurisdiction over the appeal. See United States v. Khattak, 273 F.3d 557, 563 (3d Cir. 2001). Because Taylor has not challenged the validity of the waiver, we find that the waiver deprives us of jurisdiction over his appeal of his sentence pursuant to Booker. We therefore dismiss his appeal.[1]

---

[1] As we noted at the outset, Taylor received a substantial benefit from the plea agreement, as the Government filed a motion pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), which the District Court granted, thereby reducing Taylor's imprisonment term by almost 100 months.